UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ALAN DUELL,<br><br>                            Petitioner,<br><br>v.<br><br>MARTIN O'MALLEY,<br>*Commissioner of Social Security Administration*,<br><br>                            Respondent. | Case No.: 24-cv-0884-WQH-MMP<br><br>**REPORT AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[ECF No. 2] |

       This Report and Recommendation is submitted to the United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. On May 16, 2024, Petitioner Todd Alan Duell ("Petitioner"), proceeding pro se, filed a Petition of Writ of Mandamus ("Petition") against Respondent Martin O'Malley, Commissioner of Social Security Administration, requesting the Court issue a writ of mandamus to Respondent "directing the Commissioner to immediately fulfill his nondiscretionary duty to Petitioner." [ECF No. 1 at 6.] Before the Court is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs ("Motion"). [ECF No. 2.] For the reasons set forth below, the Court **RECOMMENDS** the Motion be **DENIED without prejudice**.

## I. DISCUSSION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff or petitioner's failure to prepay the entire fee only if he is granted leave to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a)(1). Although the statute does not specify the qualifications for proceeding IFP, the petitioner's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Granting a petitioner leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in an inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the petitioner is destitute. *Id.*

Here, Petitioner's sworn affidavit indicates he has no income except $290 per month in public assistance benefits, no employer, no financial accounts, and no assets. Petitioner attests that he has no monthly expenses. The Court does not find it credible that Petitioner has no expenses whatsoever, and Petitioner provides no explanations for the lack of expenses. Accordingly, Petitioner has not alleged with sufficient certainty he would be unable to afford the necessities of life should he be required to pay the requisite filing fee.

Accordingly, the Court **DENIES** the Motion **without prejudice**. Petitioner may file a new application to proceed in forma pauperis that provides full and accurate information regarding the income, assets, expenses, and financial accounts.

## II. CONCLUSION & RECOMMENDATIONS

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order:

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $55.00. See 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1. Approving and adopting this Report and Recommendation;

2. **DENYING without prejudice** Petitioner's Motion, ECF No. 2;

3. **DISMISSING without prejudice** Petitioner's Petition for failure to prepay the filing fee mandated by 28 U.S.C. § 1914(a), ECF No. 1; AND

4. **GRANTING** Petitioner forty-five (45) days from to satisfy the following requirements: Petitioner must either (1) pay the requisite filing fees or (2) file a new application to proceed in forma pauperis providing full and accurate information regarding his finances.

Within fourteen (14) days from the date of service of these filings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

**IT IS SO ORDERED**.

Dated: July 2, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge